LOREN FOSS v. EDWARD C. ZITON.[1]

April 2, 1954.

No. 36,215.

[1]Reported in 64 N. W. (2d) 47.

*Wheeler & Burns*, for appellant.
*James J. Courtney & Sons*, for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court denying defendant's motion for judgment notwithstanding the verdict of the jury or for an order setting aside the verdict and granting a new trial.

This is an action by plaintiff alleging a wilful violation by defendant of the Housing and Rent Act of 1947, as amended, 65 Stat. 148, § 206(a)(2), 50 USCA Appendix, § 1896(a)(2), and seeking damages of $150 under 65 Stat. 147, § 205(b), 50 USCA Appendix, § 1895(b).

An examination of the record shows that on and before July 11, 1952, plaintiff occupied an apartment in the city of Duluth as a tenant of defendant. This tenancy was on a month-to-month basis, the rent being payable on the first of each month. It further appears that plaintiff had never been in arrears in his rent. Defendant testified that on June 16, 1952, he signed a "PETITION FOR CERTIFICATE RELATING TO EVICTION." On the face of the petition it appears that it was served personally upon plaintiff. The following statement appears on the face of the petition:

"4. Give here the information called for by the instructions which apply to your case.

"I seek in good faith to recover possession of the above described housing accommodations for the immediate and personal use and occupancy as housing accommodations by Mr. & Mrs. John Robinson, my father and mother-in-law. They had to give up their own place and have no place to live now."

On the back of the petition, under "INSTRUCTIONS TO TENANT," the following statement appears:

"1. This is a petition which requests the Area Rent Director to issue a Certificate Relating to Eviction. If such a certificate is issued, a copy will be sent to you, and it will name a date after which your landlord may start an action to evict you."

On June 23, 1952, defendant signed an amended "PETITION FOR CERTIFICATE RELATING TO EVICTION." This petition was mailed to plaintiff and is substantially the same as the petition signed on June 16, except that under item 4 petitioner stated that he intended to occupy the premises himself and have his wife's parents live with him and his family. Defendant testified that as a result of this last petition "an order of eviction" was issued to him by the area rent director. This order is entitled "CERTIFICATE RELATING TO EVICTION," is dated July 11, 1952, and is addressed to both plaintiff and defendant. Plaintiff testified that he received a copy of the order; that when he received it he made plans to move from the premises; and that the only reason he moved was that he received the certificate relating to eviction.

The certificate itself stated that it authorized defendant to bring an action, instituted in accordance with the requirements of local law, for the removal or eviction of the tenant from the described accommodations for the purpose therein stated and that it did not pass upon the merits of the action under local law. The certificate further stated:

"The Area Rent Director finds that, subject to any conditions stated below, eviction or removal of the Tenant is not inconsistent with the purposes of the Housing and Rent Act of 1947, as amended, or of the Rent Regulations' issued thereunder for this Defense-Rental Area."

The certificate goes on to state:

"The purpose for which eviction of the Tenant is authorized is, as stated in the landlord's petition, that he seeks in good faith to recover possession thereof for his immediate and personal use and occupancy as housing accommodations.

"Action to remove or evict the Tenant shall not be commenced sooner than September 23, 1952"

The following statements also appear on the certificate:

"**Notice to Tenant.**—This Certificate *does not* order you to move. The issuance of this Certificate does not affect your rights at local law under present rental agreement, nor does it affect any rights which you may have under the Soldiers and Sailors' Relief Act of 1940, as amended.

"**Notice to Court and Landlord.**—This Certificate shall not be effective to authorize the eviction of the Tenant herein named under the Rent Regulations for any purpose other than that stated above. If the Landlord's intentions or circumstances so change that the above-described premises will not be used for the purpose specified in this Certificate:

"(1) This Certificate shall not be effective to authorize eviction of the Tenant through court action or otherwise, and

"(2) The Landlord shall thereupon immediately notify the Tenant that he no longer seeks possession of the dwelling unit for the purpose stated in this Certificate.

"If the Landlord fails to observe the provisions of this Certificate or of the Rent Regulations he is subject to civil court action for damages as provided for in the act."

Plaintiff testified that after he received the certificate relating to eviction he made inquiry at the rent office as to what his rights were and that he was told that he would have to move within 90 days from the date the certificate was issued.

On July 14, 1952, defendant sent a letter to plaintiff stating:

"In accordance with requirements of local laws, this is to give you thirty (30) days notice to vacate the premises at 19 So. 43rd Avenue East, lower apartment, on or before August 14, 1952."

Defendant testified that he received a letter from plaintiff's attorneys dated July 30, 1952. This letter contained a check, which, according to the letter, was to cover the full rent payment for the entire month of August 1952. The letter further stated that plaintiff

had secured a new place to live and that the letter should serve to give the landlord a full month's notice of the tenant's intention to vacate at the end of August. The letter then stated that the attorney for the office of rent stabilization had informed him that plaintiff had complete right of possession, regardless of the landlord's wishes, until at least September 23, 1952.

Defendant testified that after he received the above letter he had a talk with plaintiff and that plaintiff stated that he wanted to leave the premises before the end of August. He further said that he told plaintiff that when the latter vacated the premises he would give him a rebate for the balance of the month's rent. It appears from the record that plaintiff did leave on August 29 and that defendant gave him a check for $5.01, which represented a rebate of three days' rent.

The record also shows that neither defendant nor any member of his family ever moved into the apartment. With respect to this, defendant testified that he had an opportunity to buy another home— a new duplex; that he entered into discussions concerning this home on August 15; and that he got a deed to it on September 15. He further stated that he entered into a preliminary contract concerning a sale of the premises in which plaintiff lived on September 30 and completed the deal on November 1, 1952. Defendant testified that on June 16 and June 23, 1952, it was his intention to use the apartment occupied by plaintiff and that he changed his mind on August 15, but he did not notify plaintiff of this change of mind.

The jury returned a verdict of $150 for plaintiff.

The applicable provisions of the Housing and Rent Act of 1947, as amended, follow. 65 Stat. 147, § 205(b), 50 USCA Appendix, § 1895(b), provides:

"Any person who unlawfully evicts a tenant shall be liable to the person so evicted (or shall be liable to the United States as hereinafter provided) for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amounts of (1) one month's rent or $50, whichever is greater, or (2) not more than three times such monthly rent, or $150, whichever is

greater: *Provided,* That the amount of such liquidated damages shall be the amount of one month's rent or $50, whichever is greater, if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation."

65 Stat. 148, § 206(a)(2), 50 USCA Appendix, § 1896(a)(2), provides:

"It shall be unlawful for any person to evict, remove, or exclude, or cause to be evicted, removed, or excluded, any tenant from any controlled housing accommodations in any manner or upon any grounds except as authorized or permitted by the provisions of this Act or any regulation, order, or requirement thereunder, and any person who lawfully gains possession from a tenant of any controlled housing accommodations, and thereafter fails fully to comply with such requirements or conditions as may have been imposed for such possession by the provisions of this Act or any regulation, order, or requirement thereunder, shall also be deemed to have unlawfully evicted such tenant and shall be liable to such tenant, or to the United States, as provided in this Act."

According to defendant, the sole issue in this case is whether he *evicted* plaintiff. It is defendant's position that no effective notice to quit was ever given plaintiff; that the tenancy was never terminated; and that, therefore, plaintiff was not evicted.

Numerous cases are cited by defendant which hold that no action for unlawful eviction may be had under breach of lease or breach of covenant in a lease unless there has been at least an effective termination of the tenancy.

It must be conceded that the facts in this case would not constitute an unlawful eviction under an allegation that a lease or covenant in a lease had been breached.

Plaintiff alleges an unlawful violation of the Housing and Rent Act of 1947, as amended. His rights therefore arise, not as in the ordinary eviction case where a breach of a lease is involved, but under the Housing and Rent Act of 1947. That act, as quoted above, gives a tenant the right to certain damages when the landlord has

evicted, removed, excluded, or caused him to be evicted, removed, or excluded from any controlled housing accommodations in any manner or upon any grounds except as authorized or permitted by the provisions of the act or any regulation, order, or requirement thereunder.

Here we must view the evidence as a whole and in the light most favorable to plaintiff. In the light of this rule, we feel that whether or not defendant caused plaintiff to remove from the premises and whether or not defendant acted in good faith was a question for the jury and not one to be determined by the court as a matter of law. Therefore, the trial court's order denying defendant's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial must be affirmed.

Affirmed.